**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-50573
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ALVARO GONZALO ISAIS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(SA-00-CR-483-1)**

_____

February 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alvaro Gonzalo Isais contests his convictions for making false statements to Deputy United States Marshals by falsely misleading them about the whereabouts of a federal fugitive and for harboring and concealing that fugitive, in violation of 18 U.S.C. §§ 1001 and 1071. Isais asserts: his convictions should be overturned because the Government, on three occasions, improperly asked Isais on cross-examination whether certain Government witnesses were lying, based on the conflict between Isais' testimony and that of those witnesses; the questions were improper under FED. R. EVID. 602

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(witness must have personal knowledge of the subject matter of the testimony) and 701 (opinion testimony by non-expert witness must be rationally based on witness's perception, helpful to a clear understanding of  the testimony or to the determination of a fact issue, and not based on scientific or other specialized knowledge); and such questioning amounted to prosecutorial misconduct.

We review only under the plain-error standard.  *See* **United States v. Calverley**, 37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*), *cert. denied*, 513 U.S. 1196 (1995).  Isais has the burden of demonstrating such error.  *See* **United States v. Olano**, 507 U.S. 725, 734 (1993).

Isais does not identify any controlling authority which applies the two evidentiary rules at issue to the situation where the cross-examination of the defendant concerns whether another witness' testimony was fabricated.  Under the plain-error standard, Isais fails to meet his burden of demonstrating any error, plain or otherwise, under Rule 602 or Rule 701.  *See* **United States v. Navarro**, 169 F.3d 228, 232-33 (5th Cir.), *cert. denied*, 528 U.S. 845 (1999).

In asserting prosecutorial misconduct, Isais relies upon authority from other circuits.  Given the lack of controlling authority, any error was neither clear nor obvious.  *See* **United States v. Jobe**, 101 F.3d 1046, 1062 (5th Cir. 1996), *cert. denied*, 522 U.S. 823 (1997).

**AFFIRMED**